

# Memorandum

To: Honorable Indira Talwani, U.S. District Judge

From: Chrissy Murphy, Sr. U.S. Probation Officer

Date: June 3, 2019

Re: Takari Elliott, Dkt# 17-cr-10023

---

As the Court may recall, on May 15, 2017, the defendant was sentenced to 30 months' custody followed by 3 years' supervised release. The defendant has a special condition for a curfew for *up* to 9 months. The defendant released from custody on January 31, 2019 and began serving his period of a curfew with GPS monitoring on February 8, 2019.

Since his release from custody, the defendant has remained compliant with his conditions of supervised release. The defendant remains unemployed, but has been searching for a job. The defendant was referred by the Probation Office to a program called Operation Exit Renew, which is a partnership between the Probation Office and the City of Boston to employ returning citizens for the summer. In addition, the defendant has been working closely with a case manager from the Violence Reduction Unit with the Boston Public Health Commission to find employment. He is scheduled to begin an additional program called Operation Exit sometime this month. This opportunity will provide the defendant with connections to the construction field and with local unions. The defendant attempted to enter the RESTART program; however, the program is changing its focus to assist those who are dealing with noncompliance, so the defendant no longer qualifies for the program. The defendant recently began a cognitive behavioral program within the Probation Office called Interactive Journaling.

The defendant has remained committed to staying out of his exclusion zone, so much so that he has not requested to live with his girlfriend, who resides inside of his exclusion zone. He recognizes that this is not a good area for him. He has also remained drug free.

Currently, stable housing has been a struggle for the defendant. In two weeks, the defendant's friend, with whom the defendant has been staying, will be evicted from his apartment. The defendant has friends and family who are willing to allow him to stay with them, but because of the curfew/location monitoring bracelet, these individuals are reluctant to have him in their home.

Because the defendant has remained compliant with his conditions of release, the Probation Office seeks the Court's approval to find the curfew deemed served and recommends the removal of the location monitoring equipment. This will provide the defendant a better opportunity to find a place to live.

1

If Your Honor concurs with this request, please sign below. If the Court has any questions, please feel free to contact me at 617-748-9474.

_____
Indira Talwani
U.S. District Judge

Reviewed and Approved by:

*/s/ Alilcia Howarth*
Alicia Howarth
Supervising U.S. Probation Officer

- Page 2